## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PETER ADELS, | : | |
| | : | |
| Plaintiff, | : | Civil No. 1:09-CV-2363 |
| | : | |
| v. | : | (Judge Jones) |
| | : | |
| CHARLES BIERBACH, | : | (Magistrate Judge Carlson) |
| United States Trustee, as Trustee | : | |
| for the Bankruptcy Estate of | : | |
| MARIEA DARLENE ELDERS, | : | |
| RAGGED EDGE, INC. and THE | : | |
| ANGELIC INN, | : | |
| | : | |
| Defendants, | : | |
| | : | |
| AND | : | |
| | : | |
| FORTNA AUCTIONEERS, | : | |
| | : | |
| Defendant. | : | |

### MEMORANDUM ORDER

**I.      INTRODUCTION**

Pending before the Court is a discovery dispute between the Plaintiff, Peter Adels, and Charles Bierbach, the Trustee of the Chapter 7 bankruptcy estate of Mariea Darlene Elders ("Trustee"). The dispute arises upon Adels' motion "to determine sufficiency of objections to requests for admission," (Doc. 24), and concerns the Trustee's objections to a set of requests for admission that Adels has propounded upon the debtor, Ms. Elders. The Trustee takes the position that the

requests for admission cannot be propounded upon Ms. Elders because she is no longer a party to this litigation, since the Trustee has succeeded to her interests in this action by operation of law. Because Rule 36(a) of the Federal Rules of Civil Procedure only authorizes a party to serve requests for admission upon another party, the Trustee maintains that the requests were improperly addressed to Elders. In response, Adels attempts to argue that Elders is somehow still a party to this litigation, either because the Trustee failed adequately to notify the parties that he was the real party in interest under Rule 17 of the Federal Rules of Civil Procedure, or otherwise that the Trustee failed to substitute himself in accordance with Rule 25 of the Federal Rules of Civil Procedure.

Upon consideration, we agree with the Trustee that he is the real party in interest in this case. It appears that the Trustee became substituted as a matter of law in the debtor's place while this matter remained pending in the Pennsylvania Court of Common Pleas, and he subsequently removed the action, quite properly, to this Court under 28 U.S.C. § 1452. Having removed the case from state court, the Trustee believed he was under no further obligation to seek permission to be substituted as the real party in interest, as he was the party who had caused the action to be removed to federal court in the first place. Neither Peter Adels nor Fortna Auctioneers has ever previously challenged the Trustee's removal of this action to federal court, or

objected in any way to the Trustee's active role in this action on behalf of the Elders estate, and the Court therefore never had any reason to believe that the Trustee's substitution was required or necessary. As it stands, we conclude that although it arguably would have been proper for the Trustee to have filed a motion seeking substitution, he has been and remains the real party interest in this action, having succeeded to Elders's interest in this case, and his objections to Adels's requests for admission will be sustained. Nevertheless, we also find that Adels should be given an opportunity to propound the requests for admission upon the Trustee, who will be required to respond to them in accordance with Rule 36.

**II.   BACKGROUND**

The above-captioned action arises out of a failed real estate transaction that predated subsequent bankruptcy proceedings of Mariea Darlene Elders. As part of that transaction, Ms. Elders had engaged Fortna Auctioneers to serve as her agent to auction a parcel of real property located at 1090 Ragged Edge Road, in Fayetteville, Pennsylvania, known as The Angelic Inn, which was operated as a bed and breakfast (the "Inn"). On April 30, 2007, Elders entered into an agreement with Fortna entitled "Real Estate Contract - Absolute," which engaged Fortna as the exclusive auctioneer to sell the Inn at auction. Pursuant to this agreement, Fortna was to receive a 10% "Buyers Premium" on the total purchase price of the Inn, along with certain other

expenses incurred. (Doc. 32, Ex. B.) Fortna conducted an auction of the Inn on June 28, 2007. On that date, Peter Adels was the successful bidder on the Inn, and entered into a purchase and sale agreement for the Inn, which provided for an agreed-upon purchase price of $830,000. The "Agreement of Sale" for the Inn required that Adels tender 10% of the purchase price, or $83,000, to Fortna, which amount was to be held in escrow for the benefit of the parties pending a closing on the sale, which was to occur within 60 days from the date of the purchase and sale agreement. (Doc. 32, Ex. C.) Although the parties appear to dispute whether or not they agreed to extend the closing date, and disagree about whether the buyer or seller breached the Agreement of Sale, there is no dispute that the parties never closed on the transaction, and settlement on the sale of the Inn to Adels never occurred.

On January 21, 2008, Fortna filed a lawsuit against Elders in the Count of Common Pleas of Lebanon County, Pennsylvania, alleging breach of contract and seeking payment of its contractual fee as the auctioneer, and for reimbursement of expenses incurred in connection with the sale. (Doc. 1, Exhibits to Notice of Removal.) That lawsuit was subsequently transferred to the Court of Common Pleas for Franklin County. On March 14, 2008, Adels filed a praecipe for *lis pendens* against Elders and the Inn in Franklin County. Thereafter, on July 3, 2008, Adels filed his own action against Elders and Fortna in the Franklin County Court of

Common Pleas, alleging breach of contract, and seeking return of the $83,000 held in escrow as part of the failed transaction.

On September 24, 2008, while proceedings were underway to consolidate the respective cases brought in Franklin County by Fortna and Adels, Mariea Darlene Elders filed a petition for relief under Chapter 13 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Middle District of Pennsylvania. (M.D. Bankr. No. 1:08-bk-3453-MDF.) Adels and Fortna subsequently sought relief from the automatic stay, and on March 9, 2009, the Bankruptcy Court granted relief from the stay, thereby allowing Adels and Fortna to prosecute their litigation against Elders in the Franklin County Court of Common Pleas. (Bankr. Doc. 48.) Thereafter, on June 8, 2009, Ms. Elder's bankruptcy was converted to a liquidation proceeding under Chapter 7 of the Bankruptcy Code. Adels submitted a proof of claim in Elders's bankruptcy proceeding, seeking a return of the $83,000 currently held by Fortna in escrow. Additionally, Fortna claims to be a secured creditor of Elders, or to otherwise have an administrative priority claim in those proceedings stemming from a claim for payment of 10% of the auction price, plus reimbursement of more than $36,000 in advertising expenses paid as part of the auction.

The principal issue in this litigation between Adels and the Trustee is whether the $83,000 that Adels tendered to Fortna as part of the sales agreement constitutes

5

property of the Elders estate that is being administered as part of the bankruptcy proceedings. Charles Bierbach, Trustee for the Chapter 7 bankruptcy estate, claims that the $83,000 was a payment to the debtor on the sale of the Inn. On the basis of this contention, the Trustee argues that the $83,000 is property of the debtor's estate, and the Trustee seeks in this action to require Fortna to relinquish the funds to the estate. Adels, in contrast, contends that the funds are not property of the estate, but have been properly held by Fortna in escrow as part of the failed real estate transaction regarding the sale of the Inn. Adels commenced the instant proceedings in state court to have the escrowed monies returned to him. Adels argues that under Pennsylvania law, and under the terms of the Agreement of Sale, the $83,000 was held in escrow for the benefit of the parties, was therefore never "made" to Elders, and therefore never became part of the debtor's estate. Accordingly, Adels seeks a Court order requiring Fortna to return the escrowed monies to him. For its part, Fortna seeks $119,310.11, comprised of the 10% commission claimed under the Real Estate Contract - Absolute, as well as $36,310.11 for costs it incurred in connection with the auction of the Inn.

On December 2, 2009, the Trustee removed the state court action to this Court pursuant to 28 U.S.C. § 1452, on the asserted basis that the causes of action at issue either arise under Title 11 of the United States Code, or are otherwise related to cases

under Title 11 of the United States Code. (Doc. 1.) On December 3, 2009, the Trustee filed answers to Adels' and Fortna's complaint (Docs. 2, 3), and asserted counter- and cross-claims against both Adels and Fortna based, *inter alia*, on the Trustee's allegations that the $83,000 was property of the estate. (Id.) On December 21, 2009, Adels filed an answer to the Trustee's counterclaims and crossclaims that were filed in response to Fortna's complaint, which had originally been brought in the Lebanon County Court of Common Pleas. (Doc. 6.) On December 24, 2009, Fortna filed a "reply" to the Trustee's counterclaims and crossclaims. (Doc. 7.)[1]

After removing this action to this Court, the Trustee never moved to be substituted in Elders' place as a Defendant in this case, by virtue of his lawful role as the appointed administrator of the bankruptcy estate pursuing the escrowed funds that he claimed to be estate property. It appears that the Trustee never took any steps to substitute himself as the real party interest while the case against Elders was pending in the Court of Common Pleas, but instead believed that he "accomplished the removal and substitution simultaneously" by including a statement within the notice of removal as to why he, and not Elders, was the removing party. (Doc. 33, at 9.) At the same time, neither Adels nor Fortna ever objected to the Trustee litigating this

---

[1] It appears that Fortna filed a substantively identical "reply" on the same day. (Doc. 8.)

action on behalf of the debtor's estate, or to the Trustee's removal of the action to federal court.

Notwithstanding the Trustee's failure to file any document to evidence his substitution as the real party in interest, the parties submitted a joint case management plan in which the Trustee clearly explained the basis for his substitution in the case, observing that "Charles Bierbach, as the assigned Chapter 7 Trustee now pursues Elders' claim as a potential asset of the bankruptcy estate." (Doc. 10, at 4.) Additionally, it appears that in their joint case management plan, the parties agreed that "[t]he Trustee has standing to act as a party in this matter." (Id., at 5.) In the case management plan, the parties also indicated their agreement that "[a]ll parties will serve interrogatories, document requests and requests for admission upon the others." (Id., at 8.) The parties evidenced their agreement that each party may submit up to 40 requests for admission in the case. (Id., at 9.)

Despite these areas of agreement, the Trustee has objected to the requests for admission that Adels propounded upon Elders, arguing that Elders is no longer a party in this case, and therefore not competent to answer the requests. Because requests for admission may only be propounded upon a "party," Fed. R. Civ. P. 36(a), and because he claims to have been substituted for Elders in this litigation by virtue of his appointment as the Chapter 7 Trustee, the Trustee argues that Adels cannot

require Elders to provide answers to the requests for admission. For his part, Adels argues that regardless of whether the Trustee has standing to participate as a party in this litigation, he did not properly substitute himself for Elders in accordance with Rule 25(c) of the Federal Rules of Civil Procedure, and that Elders remains a party who can, and must, answer the requests. Alternatively, Adels asserts that if the Trustee is substituted for Elders as a party, "he stands in the shoes of Elders and is therefore required to respond substantively to the Requests for Admission." (Doc. 24, at 3.)

### III. DISCUSSION

Rule 25(c) of the Federal Rules of Civil Procedure provides as follows:

> (c) **Transfer of Interest.** If an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party. The motion must be served as provided in Rule 25(a)(3).

Fed. R. Civ. P. 25(c). Although this rule permits substitution "if an interest is transferred," the rule provides no guidance or definition of what is meant by "transfer of interest." Id.; see also 6 Moore's Federal Practice 3d. § 25.31 (2011). In the absence of a clear definition, courts have "applied the rule broadly to include transfers by either a plaintiff or defendant of various kinds of property interest that may be

involved in a lawsuit." Id. Transfers of property to a Chapter 7 Trustee following the bankruptcy of a party are included among these transfers of interest that courts have found support substitution. See id.; see also Bauer v. Commerce Union Bank, 859 F.2d 438, 441-42 (6th Cir. 1988) (no abuse of discretion where court permitted substitution of bankruptcy trustee in place of bankrupt plaintiff).

Permitting the substitution of bankruptcy trustees in the place of bankrupt parties is not only consistent with the broad terms of Rule 25(c), but also comports with the structure of the United States Bankruptcy Code and Bankruptcy Rules, which grant to trustees broad powers with respect to management of a bankruptcy estate. Thus, the trustee of a bankruptcy estate is the sole lawful representative of the estate, and has the capacity to sue and be sued on behalf of the estate. See 11 U.S.C. § 323. Pursuant to 11 U.S.C. § 323(b), a trustee is empowered to perform his duties as required under Bankruptcy Rule 6009, which specifically provides that "[w]ith or without court approval, the trustee or debtor in possession may prosecute or may enter an appearance and defend any pending action or proceeding by or against the debtor, or commence and prosecute any action or proceeding in behalf of the estate before any tribunal." Title 11 U.S.C. § 541 further defines the estate to include all legal and equitable interests of the debtor in property as of the commencement of the bankruptcy case. Under § 541(a)(1), "property of the bankruptcy estate includes

causes of action belonging to the debtor at the time the case is commenced." In re Stat-Tech Intern. Corp., 47 F.3d 1054, 1057 (10th Cir. 1995).

Given the broad authority granted to a Chapter 7 trustee, courts have not hesitated to find that a trustee of a Chapter 7 estate is the party that is properly substituted for the debtor in litigation regarding pre-petition causes of action involving claims for money damages. See, e.g., Bauer v. Commerce Union Bank, 859 F.2d 438, 441 (6th Cir. 1988) ("It is well settled that the right to pursue causes of action formerly belonging to the debtor . . . vests in the trustee for the benefit of the estate . . . . The debtor has no standing to pursue such causes of action.") (internal quotations omitted); Wheeler v. Fla. Dep't of Corr., No. 04-1147, 2006 U.S. Dist. LEXIS 57048, at *18 (M.D. Fla. Aug. 9, 2006) ("[U]nder Rule 25(c), Federal Rules of Bankruptcy Procedure, it is appropriate at this juncture to substitute the trustee . . . for plaintiff as the true party plaintiff on the claim seeking monetary relief."); West v. Giancontieri, No. 97-3551, 1998 U.S. Dist. LEXIS 445, at *3 (E.D. La. Jan. 13, 1998) (finding that trustee, not the chapter 7 debtor, was the only party with the authority to prosecute and settle pre-petition action, and rejecting argument that trustee failed to timely move to substitute as the plaintiff); Bickford v. Ponce De Leon Care Ctr., 918 F. Supp. 377, 378 (M.D. Fla. 1996); In re James, 120 B.R. 802, 808 (E.D. Pa. 1990), rev'd on other grounds, 940 F.2d 46 (3d Cir. 1991), ("Procedurally,

the court is duly authorized to join or substitute the Trustee as party plaintiff pursuant to Fed. R. Civ. P. 25(c)."). Cf. Hutchinson v. Del. Sav. Bank FSB, 410 F. Supp. 2d 374, 382 (D.N.J. 2006) (joining, rather than substituting, trustee as a plaintiff); Cain v. Hyatt, 101 B.R. 440, 442 (E.D. Pa. 1989) (observing that chapter 7 trustee is the sole representative of the bankruptcy estate, with exclusive authority to sue and be sued on behalf of the estate, and staying the pending civil action until a trustee was substituted for the debtor-plaintiff).

As the foregoing decisions demonstrate, the legal authority supporting the Trustee's substitution as the real party in interest in this case is virtually unassailable, and for good reason.  As of the date that Mariea Darlene Elders's Chapter 13 bankruptcy proceedings were converted to Chapter 7 liquidation proceedings, the Trustee became the sole representative of the bankruptcy estate existing at that time. Elders's claims against Adels and Fortna – which arose prior to the bankruptcy proceedings – were therefore property of the estate, and the claims against Elders were claims with the potential to profoundly affect the bankruptcy estate.  The Trustee's interest in this litigation is therefore obvious, and he has been granted by operation of law broad authority to make decisions for the estate with respect to its claims and the claims against it.

Having said that, it may have been proper for the Trustee to have moved in the District Court to have been substituted as the real party in interest, in order to avoid precisely the dispute that has arisen with respect to the requests for admission that Adels propounded upon Elders. That the Trustee did not do so may have been due to the fact that the Trustee is the party who removed this action to federal court in the first instance, and did so upon notice to the parties and the Court as to his role as the duly appointed trustee of the Elders estate. Neither Adels nor Fortna ever contested the Trustee's removal of this case, and appear to have agreed that the Trustee has standing to litigate this matter on behalf of the estate. We can thus appreciate why the Trustee felt he had no need to separately move to be substituted as the real party in interest in a case that himself caused to be removed to federal court, and whose name – rather than Elders – has appeared in the caption of this case since it was removed to federal court on December 9, 2009.

Upon consideration, we find there to be no real dispute about the Trustee's role in this case, and we find it beyond argument that the Trustee is the real party in interest. So that there can be no further doubt, we underscore that Mariea Darlene Elders is no longer a party in this action, as the Trustee has succeeded to her interests in this case, and stands in her shoes as the representative of the Chapter 7 bankruptcy estate. As a result of this substitution, which occurred prior to the action being

removed to federal court, we must find that the requests for admission that Adels propounded upon Mariea Darlene Elders, who is no longer a party in this case, are improper. By its express terms, Rule 36 of the Federal Rules of Civil Procedure only permits a party to serve requests for admission upon another party. Fed. R. Civ. P. 36(a) ("A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) . . . ."). Because Elders is no longer a party in this lawsuit, she is not a proper recipient of requests for admission, and we will accordingly sustain the Trustee's objection to the requests for admission. However, because of the salutary purposes served by requests for admission, which may allow the parties to narrow significantly the legal issues that need to be tried by eliminating factual disputes relevant to the claims in the action, and because we believe that requests for admission may be particularly useful in this case, we will permit Adels to propound requests for admission upon the Trustee. If Adels elects to propound requests for admission upon the Trustee, the Trustee shall be required to respond to them within 30 days following service. See Fed. R. Civ. P. 36(a)(3).

## IV.  **ORDER**

Accordingly, for the reasons set forth above, IT IS HEREBY ORDERED THAT Plaintiff's Motion to Determine Sufficiency of Objections to Requests for Admissions (Doc. 24) is DENIED.

IT IS FURTHER ORDERED THAT the Peter Adels may serve upon the Trustee requests for admission pursuant to Rule 36(a) of the Federal Rules of Civil Procedure.  If Adels elects to propound requests for admission upon the Trustee, the Trustee shall be required to respond to them within 30 days following service.

*/s/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge

Dated:   April 15, 2011